UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SANDRA S. HAUSER,**

    Plaintiff,

v.                                          Civil Action No. 3:19-cv-0516-HEH

**EQUIFAX INFORMATION SERVICES, LLC,** *et al.*

    Defendants.

## DEFENDANT SUNTRUST BANK'S ANSWER

Defendant SunTrust Bank ("SunTrust"), by counsel, submits its Answer to the Complaint filed by Plaintiff Sandra S. Hauser ("Plaintiff").

## PRELIMINARY STATEMENT

1. To the extent that Plaintiff's allegations in Paragraph 1 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, SunTrust denies that Plaintiff has any basis in fact or in law to maintain this action against SunTrust.

## JURISDICTION, VENUE AND JURY DEMAND

2. The allegations set forth in Paragraph 2 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

3. The allegations set forth in Paragraph 3 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

4. The allegations set forth in Paragraph 4 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

5. The allegations in Paragraph 5 set forth Plaintiff's demand for a jury, such allegations are not subject to denial or admission. To the extent any response is required, SunTrust denies the allegations.

6. SunTrust admits Plaintiff is a natural person. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 6, and therefore denies the same, and demands strict proof thereof.

7. The allegations set forth in Paragraph 7 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

8. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 8, and therefore denies the same, and demands strict proof thereof.

9. The allegations set forth in Paragraph 9 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

10. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 10, and therefore denies the same, and demands strict proof thereof.

11. The allegations set forth in Paragraph 11 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

12. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 12, and therefore denies the same, and demands strict proof thereof.

13. The allegations set forth in Paragraph 13 contain a legal conclusion, to be which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

14. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 14, and therefore denies the same, and demands strict proof thereof.

15. The allegations set forth in Paragraph 15 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 15, and therefore denies the same, and demands strict proof thereof.

16. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 16, and therefore denies the same, and demands strict proof thereof.

17. The allegations set forth in Paragraph 17 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 17, and therefore denies the same, and demands strict proof thereof.

18. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 18, and therefore denies the same, and demands strict proof thereof.

19. The allegations set forth in Paragraph 19 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 19, and therefore denies the same, and demands strict proof thereof.

20. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 20, and therefore denies the same, and demands strict proof thereof.

21. The allegations set forth in Paragraph 21 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 21, and therefore denies the same, and demands strict proof thereof.

22. In response to the allegations set forth in Paragraph 22, contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

23. The allegations set forth in Paragraph 23 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

24. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 24, and therefore denies the same, and demands strict proof thereof.

25. The allegations set forth in Paragraph 25 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 25, and therefore denies the same, and demands strict proof thereof.

26. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 26, and therefore denies the same, and demands strict proof thereof.

27. The allegations set forth in Paragraph 27 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 27, and therefore denies the same, and demands strict proof thereof.

28. The allegations set forth in Paragraph 28 define Plaintiff's grouping and naming of all defendants, to which no response is needed. To the extent a response is required, the allegations are denied.

**FACTS**

29. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 29, and therefore denies the same, and demands strict proof thereof.

30. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 30, and therefore denies the same, and demands strict proof thereof.

31. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 31, and therefore denies the same, and demands strict proof thereof.

32. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 32, and therefore denies the same, and demands strict proof thereof.

33. The allegations set forth in Paragraph 33 refer to documents that speak for themselves. To the extent the allegations vary from the documents, they are denied.

34. The allegations set forth in Paragraph 34 contain a legal conclusion to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

35. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 35, and therefore denies the same, and demands strict proof thereof.

36. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 36, and therefore denies the same, and demands strict proof thereof.

37. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 37, and therefore denies the same, and demands strict proof thereof.

38. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 38, and therefore denies the same, and demands strict proof thereof.

39. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 39, and therefore denies the same, and demands strict proof thereof.

40. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 40, and therefore denies the same, and demands strict proof thereof.

41. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 41, and therefore denies the same, and demands strict proof thereof.

42. The allegations set forth in Paragraph 42 are denied.

43. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 43, and therefore denies the same, and demands strict proof thereof.

44. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 44, and therefore denies the same, and demands strict proof thereof.

45. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 45, and therefore denies the same, and demands strict proof thereof.

46. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 46, and therefore denies the same, and demands strict proof thereof.

47. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 47, and therefore denies the same, and demands strict proof thereof.

48. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 48, and therefore denies the same, and demands strict proof thereof.

49. SunTrust is without sufficient information to admit or deny the allegations set forth in Paragraph 49, and therefore denies the same, and demands strict proof thereof.

50. To the extent any allegation set forth in Paragraph 50 is directed at SunTrust, SunTrust denies the allegation. SunTrust is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 50, and therefore denies the same, and demands strict proof thereof.

51. To the extent any allegation set forth in Paragraph 51 is directed at SunTrust, SunTrust denies the allegation. SunTrust is without sufficient information to admit or deny the

remaining allegations set forth in Paragraph 51, and therefore denies the same, and demands strict proof thereof.

52. SunTrust denies the allegations set forth in Paragraph 52.

## COUNT ONE

### CLAIM FOR RELIEF AS TO BANK DEFENDANTS
### 15 U.S.C. § 1681s-2(b)

53. SunTrust incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. SunTrust denies the allegations set forth in Paragraph 54.

55. SunTrust denies the allegations set forth in Paragraph 55.

56. SunTrust denies the allegations set forth in Paragraph 56.

57. SunTrust denies the allegations set forth in Paragraph 57.

58. SunTrust denies the allegations set forth in Paragraph 58.

59. SunTrust denies the allegations set forth in Paragraph 59.

60. SunTrust denies the allegations set forth in Paragraph 60.

## COUNT TWO

### CLAIM FOR RELIEF AS TO EQUIFAX, TRANSUNION AND EXPERIAN
### 15 U.S.C. § 1681e(b)

61. SunTrust incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. The allegations set forth in Paragraph 62 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 62.

63. The allegations set forth in Paragraph 63 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 63.

64. The allegations set forth in Paragraph 64 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 64.

65. The allegations set forth in Paragraph 65 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 65.

66. The allegations set forth in Paragraph 66 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 66.

## **COUNT THREE**

### **CLAIM FOR RELIEF AS TO EQUIFAX, TRANSUNION AND EXPERIAN**
### **15 U.S.C. § 1681i(a)**

67. SunTrust incorporates the foregoing paragraphs as though the same were set forth at length herein.

68. The allegations set forth in Paragraph 68 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 68.

69. The allegations set forth in Paragraph 69 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 69.

70. The allegations set forth in Paragraph 70 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 70.

71. The allegations set forth in Paragraph 71 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 71.

72. The allegations set forth in Paragraph 72 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 72.

73. The allegations set forth in Paragraph 73 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 73.

74. The allegations set forth in Paragraph 74 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 74.

75. The allegations set forth in Paragraph 75 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 75.

76. The allegations set forth in Paragraph 76 are directed at parties other than SunTrust, and therefore no response is necessary. To the extent a response is required, SunTrust denies the allegations in Paragraph 76. SunTrust denies the allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph 76.

77. SunTrust denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

78. SunTrust denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

79. SunTrust reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

80. SunTrust reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## **AFFIRMATIVE AND OTHER DEFENSES**

SunTrust hereby sets forth the following affirmative and other defenses to the Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. Plaintiff's claims may be barred to the extent that the Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2. Plaintiff cannot recover from SunTrust to the extent that any damages that Plaintiff may have suffered, which SunTrust continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

3. Plaintiff cannot recover from SunTrust to the extent that any damages that Plaintiff may have or will suffer as alleged in the Complaint, which SunTrust continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom SunTrust has no control, and for whom SunTrust is not responsible, which bars or diminishes any recovery by Plaintiff against SunTrust.

4. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

5. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.

6. At all times relevant, SunTrust acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

7. Plaintiff's claims fail to the extent Plaintiff lacks standing.

8. Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel (judicial, equitable, collateral or otherwise) and/or res judicata.

9. SunTrust avers that some or all of the claims made in the Complaint may be barred by the doctrine of laches and/or the statutes of limitations.

10. SunTrust avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent she has not suffered an injury-in-fact.

11. SunTrust denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

12. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, SunTrust states that while it does not believe Plaintiff has stated a claim for punitive damages, even if Plaintiff proves an entitlement to any such punitive damage award, SunTrust is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia.

13. SunTrust avers that Plaintiff's claims may be subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

14. SunTrust reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, SunTrust Bank, by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against SunTrust, with prejudice, enter judgment in favor of SunTrust and against Plaintiff, and award SunTrust such other and further relief as the Court may deem just and appropriate.

Dated: October 7, 2019                     Respectfully submitted,

**SUNTRUST BANK**


By:/s/ Ethan G. Ostroff
    Ethan G. Ostroff (VSB No. 71610)
    TROUTMAN SANDERS LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, VA  23462
    Telephone: (757) 687-7541
    Facsimile: (757) 687-1542
    Email: ethan.ostroff@troutman.com

    Kendall H. Tan (VSB No. 87594)
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    Richmond, VA  23219
    Telephone: (804) 697-1442
    Facsimile: (804) 697-1339
    Email: kendall.tan@troutman.com

    *Counsel for SunTrust Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to the following CM/ECF participants:

**Counsel for Plaintiff**

Jason M. Krumbein, Esq.
1650 Willow Law Drive, Suite 201
Richmond, VA 23230
Telephone: (804) 592-0792
Facsimile: (804) 234-1159
Jkrumbein@krumbeinlaw.com


By:/s/ Ethan G. Ostroff
Ethan G. Ostroff